United States District Court
for the
Southern District of Florida

| Mitchell Gramazio and Ana Horvat, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 17-22682-Civ-Scola |
| Catalina Hotel, LLC, Defendant. | ) |

## Order Denying Plaintiffs' Motion to Extend Discovery

This matter is before the Court on the Plaintiffs' Motion to Extend Discovery Cutoff (ECF No. 30). The discovery deadline is January 5, 2018, and the Plaintiffs request a one-week extension of time because the Defendant's responses to four of the Plaintiffs' discovery requests are not due until January 9 and 10, 2018.

A court's scheduling-order deadlines may only be modified upon a showing of "good cause." Fed. R. Civ. P. 16(b)(4). To establish good cause to justify an extension of pretrial deadlines a party must show that they have acted diligently, but despite their conscientious efforts they are unable to meet the deadline. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). Diligence in this context means working "earnestly, steadily, energetically, and conscientiously." *Freedman v. Suntrust Banks, Ind.*, No. 6:15-1657, at *6, 2016 WL 3196464 (M.D. Fla. June 9, 2016).

The only rationale provided by the Plaintiffs for their failure to timely file four of their discovery requests is that the Defendant provided "voluminous" documents to the Plaintiffs on November 15, 2017. In response, the Defendant asserts that it provided hundreds of pages of documents to the Plaintiffs on September 1, 2017. (Resp. 2, ECF No. 33.) On November 10, 2017, the Defendant served responses to the Plaintiffs' first set of discovery requests. (*Id.* at 3.) The responsive documents identified by the Defendant in its responses had already been produced either on September 1, 2017 or as part of the Defendant's initial disclosures under Rule 26. (*Id.*) It then took the Plaintiffs almost thirty days to file the four additional discovery requests, which were untimely because there were only three weeks left prior to the discovery deadline. Accordingly, the Defendant has no obligation to respond. L.R. 26.1(d) (written discovery requests "must be served in sufficient time that the response is due on or before the discovery cutoff date. Failure by the party seeking discovery to comply with this paragraph obviates the need to respond or object to the discovery . . . .").

The Plaintiffs have failed to show that they were unable to timely file the discovery requests despite their diligence. The Plaintiffs do not dispute the

Defendant's assertion that they have had the "voluminous" documents referenced in their motion since September 1, 2017 and/or since the date that the Defendant made its initial disclosures. Rather, the Plaintiffs argue in their reply that the documents they now seek should have already been produced in response to earlier discovery requests. (Reply 2, ECF No. 34.) However, at no time did the Plaintiffs file a motion to compel or assert in any way that the previous productions of documents were incomplete. Moreover, other than describing the documents as "voluminous," the Plaintiffs have not identified the number of documents at issue such that the Court can determine whether the delay in serving the additional discovery requests was justified. Finally, the Court is troubled by the fact that the Plaintiffs waited until after they filed their untimely discovery requests to seek to extend the discovery deadline.

Since the Plaintiffs have not established that they acted diligently, the Court's good-cause inquiry ends. *See Sosa*, 133 F.3d at 1418 ("If a party was not diligent, the good cause inquiry should end.") (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Accordingly, the Court **denies** the Plaintiffs' motion to extend the discovery deadline (**ECF No. 30**).

**Done and ordered** at Miami, Florida on December 28, 2017.

Robert N. Scola, Jr.
United States District Judge