United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Mitchell Gramazio and Ana Horvat, <br> Plaintiffs, <br> v. <br> Catalina Hotel, LLC, Defendant. | ) <br> ) <br> ) Civil Action No. 17-22682-Civ-Scola <br> ) <br> ) <br> ) |

**<u>Order Denying Motion for Leave to File Second Amended Complaint</u>**

This matter is before the Court on the Plaintiffs' Motion for Leave to File Second Amended Complaint (ECF No. 32). The Amended Complaint asserts three claims under the FLSA (ECF No. 22). The proposed Second Amended Complaint adds two claims of unjust enrichment, and two claims under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (ECF No. 32-1). The Plaintiffs assert that "[i]t was recently discovered that these causes of action should be alleged (upon review of written discovery and documents from Defendant on or about November 15, 2017) and upon the taking of the depositions of the Plaintiffs." (Mot. 1.) The deadline to amend the pleadings was October 27, 2017, and the Plaintiffs filed their motion on December 14, 2017.

Under Federal Rule of Civil Procedure 15(a)(2), a court should "freely give leave [to amend pleadings] when justice so requires." "The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (11th Cir. 1981). Accordingly, a district court may deny a motion for leave to amend for a "substantial reason." *Id.* This liberal amendment policy, however, is limited by the scheduling orders required by Federal Rule of Civil Procedure 16.

"Rule 16(b) mandates that a district court enter a scheduling order that limits the time to amend the pleadings," *Canal Indem. Co. v. Margaretville of NSB, Inc.*, No. 11–cv–2001, 2014 WL 5341873, at *1 (M.D. Fla. Sept. 4, 2014), in order to "assure[ ] that at some point . . . the pleadings will be fixed," Fed. R. Civ. P. 16 advisory committee's 1983 note. A scheduling order "controls the course of the action unless the court modifies it," and may only be modified upon a showing of good cause." Fed. R. Civ. P. 16(b)(4), (d). Thus, when a party moves to amend a pleading after the deadline set in a court's scheduling order, the court must first consider Rule 16(b)'s "good cause" standard before looking to Rule 15(a)'s "when justice so requires" standard. *See Sosa v. Airprint Sys.'s, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.").

To establish good cause, the moving party must demonstrate that the deadline in the scheduling order could not have been met "despite the diligence of the party seeking the extension." *Id.* (quoting Fed. R. Civ. P. 16 advisory committee's note). To determine if the moving party acted diligently, a court may consider if "1) the plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; 2) the information supporting the proposed amendment was available to the plaintiff; and 3) even after acquiring the information, the plaintiff delayed in asking for amendment." *Lord v. Fairway Electric Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002). "[P]rejudice or lack of prejudice caused to a non-moving party by the proposed amendment is immaterial when considering whether to allow amendment of a pleading after the deadline." *Canal Indem. Co.*, 2014 WL 5341873, at *2.

As stated above, the Plaintiffs assert that the "recently discovered" information came from the Defendant's written discovery and the depositions of the *Plaintiffs*. Information provided by the Plaintiffs during their depositions cannot possibly constitute "recently discovered" information. Rather, it appears that Plaintiffs' counsel "failed to ascertain facts prior to filing the complaint." *See Lord*, 223 F.Supp.2d at 1277. Moreover, the Defendant asserts, and the Plaintiffs have not disputed, that the written discovery referred to in the Plaintiffs' motion consisted of the Defendant's responses to the Plaintiffs' discovery requests. (Resp. 4, ECF No. 35.) Those responses merely identified the Bates range of documents that had already been produced to the Plaintiffs on September 1, 2017. (*Id.*) Therefore, the Plaintiffs have failed to establish that they could not have met the deadline to amend the pleadings despite their diligence. Since the Plaintiffs have not established that they have acted diligently, the Court's good-cause inquiry ends. *See Sosa*, 133 F.3d at 1418 ("If a party was not diligent, the good cause inquiry should end.") (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

Accordingly, the Court **denies** the Plaintiffs' Motion for Leave to File Second Amended Complaint (**ECF No. 32**).

**Done and ordered**, at Miami, Florida, on January 16, 2018.

_____
Robert N. Scola, Jr.
United States District Judge